THE HONORABLE ROBERT J. BRYAN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| TERRY L. KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | No. C08-5746-RJB |
| | ) | |
| v. | ) | **ANSWER TO PLAINTIFF'S** |
| | ) | **COMPLAINT** |
| WAL-MART STORES, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or "defendant") through its undersigned attorneys and answers plaintiff's Complaint as follows:

1.      Answering paragraph 1.1 of the Complaint, defendant admits the allegations.

2.      Answering paragraphs 1.2 of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

3.      Answering paragraph 1.3 of the Complaint, defendant admits the allegations.

4.      Answering paragraphs 1.4 of the Complaint, defendant admits that plaintiff filed an accident report for a knee injury.  Except as specifically admitted, defendant denies the remaining allegations.

5.      Answering paragraphs 1.5 of the Complaint, defendant admits that plaintiff worked for defendant at its store located at 100 East Wallace Kneeland Blvd, Shelton (Mason

ANSWER TO PLAINTIFF'S COMPLAINT - 1
C08-5746-RJB

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

County) Washington, from approximately June 6, 1996 to October 4, 2007.   Except as specifically admitted, defendant denies the remaining allegations.

6.      Answering paragraphs 1.6 of the Complaint, defendant admits that plaintiff was terminated from employment for using profanity on the sales floor and threatening other associates.  Except as specifically admitted, defendant denies the remaining allegations.

7.      Answering paragraphs 1.7 of the Complaint, defendant avers that the paragraph calls for a legal conclusion and therefore no response is required.  To the extent that a response is required, defendant denies the allegations.

8.      Answering paragraph 1.8 of the Complaint, defendant denies the allegations.

9.      Answering paragraphs 1.9 of the Complaint, defendant admits that plaintiff received a copy of defendant's associate handbook and plaintiff acknowledged that he had read the handbook.   Except as specifically admitted, defendant denies the remaining allegations.

10.     Answering paragraph 2.1 of the Complaint, defendant realleges all allegations of paragraphs 1 through 9 above.

11.     Answering paragraph 2.2 of the Complaint, defendant denies the allegations.

12.     Answering paragraph 3.1 of the Complaint, defendant realleges all allegations of paragraphs 1 through 11 above.

13.     Answering paragraph 3.2 of the Complaint, defendant denies the allegations.

14.     Answering paragraph 4.1 of the Complaint, defendant realleges all allegations of paragraphs 1 through 13 above.

15.     Answering paragraph 4.2 of the Complaint, defendant admits that plaintiff filed a Self-Insurer Accident Report W787389 for a knee injury with an alleged accident date of 9/14/2002.  Except as specifically admitted, defendant denies the remaining allegations.

16.     Answering paragraph 4.3 of the Complaint, defendant denies the allegations.

17.     Answering paragraph 4.4 of the Complaint, defendant denies the allegations.

ANSWER TO PLAINTIFF'S COMPLAINT - 2
C08-5746-RJB

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

18.     Answering paragraph 5.1 of the Complaint, defendant realleges all allegations of paragraphs 1 through 17 above.

19.     Answering paragraph 5.2 of the Complaint, defendant admits that it issued a Notification of Restriction from Property to plaintiff.   Except as specifically admitted, defendant denies the remaining allegations.

20.     Answering paragraph 5.3 of the Complaint, defendant admits that it opposed plaintiff's application for unemployment benefits.   Except as specifically admitted, defendant denies the remaining allegations.

21.     Answering paragraph 5.4 of the Complaint, defendant admits that it appealed the decision by Employment Security to grant plaintiff unemployment benefits.   Except as specifically admitted, defendant denies the remaining allegations.

22.     Answering paragraph 5.5 of the Complaint, defendant admits that the appeal was denied.   Except as specifically admitted, defendant denies the remaining allegations.

23.     Answering paragraph 5.6 of the Complaint, defendant denies the allegations.

24.     Answering paragraph 5.7 of the Complaint, defendant denies the allegations.

25.     Answering paragraph 5.8 of the Complaint, defendant denies the allegations.

26.     Answering Section VI "Damages" and paragraphs 6.1, 6.2, 6.3, 6.4, and 6.5 of the Complaint, defendant denies the allegations.

27.     Defendant denies plaintiff's prayer for relief and each and every remaining allegation contained in plaintiff's Complaint.

BY   WAY   OF   FURTHER   ANSWER   AND   AFFIRMATIVE   DEFENSES, DEFENDANT ALLEGES AS FOLLOWS:

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiff has failed to mitigate his damages, if any, and has failed to avoid or protect himself from avoidable consequences.   Defendant is not responsible for any alleged damages that plaintiff caused by his failure to minimize or eliminate his damages.

ANSWER TO PLAINTIFF'S COMPLAINT - 3
C08-5746-RJB

3.    Defendant is entitled to offset, against any claims for lost wages, any amounts that plaintiff earned or received, or by the exercise of reasonable diligence would have earned or received, during the period since termination of his employment.

4.    Pending further discovery, plaintiff's claims are barred by the doctrines of waiver, estoppel, ratification, latches, acquiescence, bad faith, unclean hands, statute of frauds, statute of limitations, satisfaction, consent, agreement, offset, payment, and release.

5.    Plaintiff's damages, if any, were caused by his own actions and/or failures to act, and the actions and/or failures to act of third persons not under direction or control over defendant.

6.    Damages, if any, are to be apportioned according to the relative faults of all who are found to be at fault.

7.    Any recovery by plaintiff against defendant should be reduced or barred to the extent due to plaintiff's faults.

8.    Plaintiff was an at-will employee.

9.    All employment decisions regarding or affecting plaintiff were based upon legitimate, non-discriminatory, and reasonable business reasons that were in no way related to Plaintiff's age or alleged "physical infirmity."

10.    All employment decisions regarding or affecting plaintiff were based upon legitimate, non-discriminatory, and reasonable business reasons that were in no way retaliatory or based upon Plaintiff filing a worker's compensation claim or claim for unemployment compensation.

11.    Defendant had a good faith basis for its actions.

12.    If any improper, illegal or discriminatory act were taken by any company associate against plaintiff, it was outside the course and scope of that associate's employment, contrary to company policies, and was not ratified, confirmed or approved by the company. Thus, any such actions cannot be attributed or imputed to the company.

ANSWER TO PLAINTIFF'S COMPLAINT - 4
C08-5746-RJB

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

13.     Any improper, illegal or discriminatory actions by any company associate (if any such actions occurred) were independent, intervening, and unforeseeable acts that were not ratified, confirmed or approved by the company and, thus, cannot be attributed or imputed to the company.

14.     The Company did not have actual or constructive knowledge of any of the alleged discriminatory acts alleged in plaintiff's Complaint at any time material to the Complaint.

15.     If plaintiff is able to show any discrimination or retaliation occurred (which defendant denies), the company reserves the right to assert a mixed motive defense and that defendant would have taken the same actions with regard to plaintiff even if the alleged conduct had not occurred.

16.     Plaintiff failed to avail himself of the opportunity to handle his complaint in accordance with the company's policies.

17.     Plaintiff's claims are barred by the Industrial Insurance Act, RCW Ch. 51.

18.     Defendant provided reasonable accommodations to plaintiff.

19.     Plaintiff was not a qualified individual with a disability.

20.     Plaintiff was a direct threat to the workplace or himself, and thus was not entitled to a reasonable accommodation and/or continued employment at the company.

21.     Pending further discovery, all or part of plaintiff's claims and alleged damages are barred by after-acquired evidence.

22.     Plaintiff assumed the risk of any alleged injury.

23.     Plaintiff's defamation, libel, and slander claims are barred because the allegedly defamatory statements are true.

24.     Plaintiff's defamation, libel, and slander claims are barred because there was no publication to a third party.

ANSWER TO PLAINTIFF'S COMPLAINT - 5
C08-5746-RJB

1    25.    The alleged conduct by defendant is covered by absolute and/or qualified

2  privileges which bar plaintiff's claims.

3    26.    Plaintiff's defamation, libel, and slander claims are barred because the alleged

4  statements were opinion or fair comment.

5    27.    Plaintiff has no basis for his claims and, thus, defendant is entitled to recover

6  fees and costs pursuant to RCW 4.84.185.

7    28.    Defendant reserves the right to assert additional affirmative defenses and

8  defenses as may appear applicable during the course of this litigation and in accordance with

9  the Court's rules.

10    WHEREFORE, having fully answered plaintiff's Complaint and having stated its

11  affirmative defenses, defendant respectfully requests the following relief:

12    1.    That plaintiff's Complaint be dismissed with cause and with prejudice and

13  without attorney's fees and costs;

14    2.    That defendant be awarded its reasonable attorney's fees and related costs

15  pursuant to RCW 4.84.185 and other statutory or common-law; and

16    3.    For such other relief as the Court deems appropriate.

17  DATED:  December 22, 2008.

18    LANE POWELL PC

19

20    By s/Nancy W. Anderson
                    Rudy A. Englund, WSBA No. 04123
21                  Nancy W. Anderson, WSBA No. 23031
                    Attorneys for Defendant Wal-Mart Stores, Inc.
22

23

24

25

26

ANSWER TO PLAINTIFF'S COMPLAINT - 6
C08-5746-RJB

111655.0336/1647846.1

1

## CERTIFICATE OF SERVICE

2           I hereby certify that on December 22, 2008, I caused to be served a copy of the

3   foregoing **ANSWER TO PLAINTIFF'S COMPLAINT** on the following person(s) in the

4   manner indicated below at the following address(es):

5   Jeffrey D. Stier, Of Counsel
    Spencer Law Firm, LLC
6   1326 Tacoma Ave. S., Suite 200
    Tacoma, WA  98402-1983
7   Telephone: (360) 753-2078
    Facsimile: (253) 572-4207
8   E-Mail:

9

10  ☒   by **CM/ECF**
    ☐   by **Electronic Mail**
11  ☐   by **Facsimile Transmission**
    ☐   by **First Class Mail**
12  ☐   by **Hand Delivery**
    ☐   by **Overnight Delivery**

13

14
                                                    s/Leah Burrus
15                                                  Leah Burrus

16

17

18

19

20

21

22

23

24

25

26

ANSWER TO PLAINTIFF'S COMPLAINT - 7
C08-5746-RJB

111655.0336/1647846.1