UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRY L. KNIGHT,<br><br>               Plaintiff,<br><br>    v.<br><br>WAL-MART STORES, INC.,<br><br>               Defendant. | Case No. C08-5746RJB<br><br>ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR EXTENSION OF TIME TO FILE RESPONSES AND RENOTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE UNTIMELY JURY DEMAND |

     This matter comes before the Court on Plaintiff's Amended Motion for Extension of Time to File Responses to Motion for Summary Judgment and Motion to Strike Untimely Jury Demand (Dkt. 39). The Motion is addressed to the Court's discretion. Fed.R.Civ.P. 6(b)(1)(B). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

     On October 21, 2009, Defendant filed a Motion to Dismiss Untimely Jury Demand and Setting of Bench Trial (Dkt. 22) and a Motion for Summary Judgment (Dkt. 24). Plaintiff did not file a timely response to Defendant's motions. Under CR 7(d)(3), any opposition papers to dispositive motions shall be filed and served not later than the Monday before the noting date. On November 13, 2009, the Defendant filed a Reply to the Motion for Summary Judgment (Dkt. 30) arguing that the Plaintiff's failure to respond

should be considered by the court as an admission that the motion has merit.

Later that day, Plaintiff filed a Motion for Extension of Time to File Responses to Motion for Summary Judgment and Motion to Strike Untimely Jury Demand (Dkt. 32) stating that he was unfamiliar with the Court Rules on responsive deadlines and requested that the Court allow him to file responses that same day. On November 14, 2009, Plaintiff filed an Amended Motion for Extension of Time to File Responses to Motion for Summary Judgment and Motion to Strike Untimely Jury Demand (Dkt. 39) asking that the Court allow him to file his responses on November 14, 2009. On that day, Plaintiff did in fact file a Response to the Motion for Summary Judgment (Dkt. 33) and a Response to the Motion to Dismiss Untimely Jury Demand and for Setting Bench Trial (Dkt. 38).

On November 18, 2009, Defendant filed a Sur-Reply Pursuant to Local Rule 7(G) Requesting that the Court Strike Plaintiff's Response to Defendant's Motion for Summary Judgment and Response to Defendant's Motion to Strike Jury Demand (Dkt. 40) on the grounds that Plaintiff failed to show good cause for missing the deadline for his response. On November 20, 2009, Defendant filed a Response to Plaintiff's Amended Motion for Extension of Time to File Responses to Motion for Summary Judgment and Motion to Strike Untimely Jury Demand (Dkt. 49) asserting that Plaintiff's negligence is not excusable and requesting that the Court award Defendant attorney fees and costs incurred as a result of Plaintiff's untimeliness. On November 25, 2009, Plaintiff filed a Reply in Support of Amended Motion for Extension of Time to File Responses to Motion for Summary Judgment and Motion to Strike Untimely Jury Demand (Dkt. 52).

The Federal Rules of Civil Procedure dictate that all civil actions "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. While a lawyer's negligence in failing to carefully read the Court Rules is certainly not commended by this Court, the Court recognizes that we lawyers are not perfect. Where no prejudice is caused by such a failure, it is hard to justify a result that would set the lawyer up for a malpractice claim and penalize his client with a loss of the case on less than its merits. In the interests of justice, the Court favors resolving cases on their merits where possible.

Under Federal Rule of Civil Procedure 6(b)(1)(B), the court may, for good cause, allow a party to file a motion for extension of time, even after the time to do so has expired, if the party failed to act

because of excusable neglect. Fed.R.Civ.P. 6(b)(1)(B). In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395 (1993)*,* the Supreme Court has held that the four-part test for determining whether there has been excusable neglect is (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. In *Pincay v. Andrews,* 389 F.3d 853, 855 (2004), the Ninth Circuit Court of Appeals determined that a per se rule on what constitutes excusable neglect is inconsistent with *Pioneer* and district courts are granted the discretion to determine what is excusable neglect. The Ninth Circuit also stated in *Pincay* that it "recognizes that a lawyer's failure to read an applicable rule is one of the least compelling reasons that can be offered," but later acknowledged that

> the "decision to grant or deny an extension of time....should be entrusted to the district court because the district court is in a better position than we are to evaluate factors such as whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of the representation..., and the likelihood of injustice if the [extension] was not allowed."

*Pincay,* 389 F.3d at 859. The Ninth Circuit also described the concept of "excusable neglect" as elastic concept, which is equitable in nature. *Id*. Finally, the Ninth Circuit stated that denying a motion for an extension of time because of the moving party's mere negligence is a per se rule that is too rigid and the district court has discretion to grant an extension of time even if the lawyer had made a calculation error. *Id*. at 860.

Negligence is the failure to exercise ordinary care. In this case, Plaintiff's responses were filed five days after the time for a response was due. Plaintiff admits he failed to read the Court Rules carefully. *See* Dkt. 52. Varying Court and Local Rules can be a minefield for the unwary. Although Plaintiff's counsel erred, the likelihood of injustice to his client is great because there is the possibility that Plaintiff's entire case would be dismissed on a procedural error. Furthermore, Defense counsel appears to have used this error as an opportunity to capitalize on Plaintiff's counsel's mistakes. This is not a game of "gotcha." For these reasons, the Court should find that Plaintiff's failure to act was because of excusable neglect and grant Plaintiff's amended motion for extension of time.

Defendant has not shown prejudice by the Plaintiff's untimely responses, and it appears that the Defendant has escalated its own fees by so strongly opposing Plaintiff's motion for extension of time. *See*

Defendant's Sur-Reply Pursuant to Local Rule 7(G) Requesting the Court to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment and Response to Defendant's Motion to Strike Jury Demand (Dkt. 40) (arguing that Plaintiff's untimely responses should be not considered by the court because Plaintiff's negligence is not excusable), *see also* Minute Order (Dkt. 42) (Defendant contended during a conference call with Plaintiff and Court that Plaintiff's untimely responses should not be considered by the Court), and *see also* Defendant's Response to Plaintiff's Amended Motion for Extension of Time to File Responses to Motion for Summary Judgment and Motion to Strike Untimely Jury Demand (Dkt. 49) (asserting that Plaintiff's negligence is not good cause). However, the Court does recognize that Plaintiff's negligence and delay has caused the Defendant some unnecessary costs and will award $250 to offset the time it would have taken Defense counsel to call Plaintiff's counsel to remind him of his responsive deadlines and to agree on a short extension. All counsel are strongly reminded that failure to follow the Federal and Local Rules may result in sanctions, and of their obligations as lawyers to act professionally. *See* RPC 1.1; RPC 4.4(a); WSBA Creed of Professionalism.

Furthermore, as to not prejudice the Defendant and in the interest of justice, the Court will allow the Defendants to file a Reply, if any, to address the merits of Plaintiff's responses, which shall be filed no later than December 2, 2009. As a result of granting Plaintiff's Motion for Extension of Time, the Motion to Dismiss Untimely Jury Demand and Setting of Bench Trial (Dkt. 22) and the Motion for Summary Judgment (Dkt. 24) should be renoted for December 3, 2009. Plaintiff's Motion for Extension of Time (Dkt. 32) should be stricken as moot and Amended Motion for Extension of Time (Dkt. 40) should be granted.

Therefore, it is hereby, **ORDERED** that:
- Defendant's Motion to Dismiss Untimely Jury Demand and for Setting of Bench Trial (Dkt. 22) is **RENOTED** for December 3, 2009;
- Defendant's Motion for Summary Judgment (Dkt. 24) is **RENOTED** for December 3, 2009;
- Defendant's Reply, if any, addressing the merits of Plaintiff's Response is **SHALL BE FILED** by December 2, 2009;
- Plaintiff's Motion for Extension of Time (Dkt. 32) **STRICKEN AS MOOT**;
- Plaintiff's Amended Motion for Extension of Time (Dkt. 39) will be **GRANTED**;

- Defendant is **GRANTED** sanctions of $250; and
- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 25th day of November, 2009.

/s/ Robert J Bryan
Robert J Bryan
United States District Judge